"White, C. J".
The writ in this case,must be denied, unless upon the facts shown in the application the law makes it the duty of the commissioners to award the contract to the American Clock Company.
The case arises under the act of March 9, 1866. S. & S. 86.
The statute requires the commissioners before they shall make any contract for the outlay of money, on behalf of the county, exceeding five hundred dollars, to cause notice to be given in one or more newspapers of general circulation in the county, that proposals will be received for the performance of the work, or for furnishing the goods, wares, merchandise, or materials; and it is made the duty of the commissioners to make the contract with the lowest responsible bidder, upon his giving the required security that the work will be faithfully performed, and the goods, wares, merchandise, or materials will be honestly delivered according to contract.
It is also provided that all contracts or purchases entered into in contravention of the provisions of the section, shall, as against the county, be null and void.
The character or description of the goods to be furnished must be determined by the commissioners; and this description must be specified in the notice inviting proposals.
The goods required in the present instance is thus described : “ The said clock to be similar to, or identical with a No. 4 Howard tower clock, and to be at least equal thereto in value and durability.”
Now we understand this notice to require a clock, where it is not identical with, to be similar in its mechanical construction to a number four Howard tower clock, and in addition to be at least equal thereto in value and durability.
It is averred that the clock offered by the American Clock Company, as well as that offered by Fasaldt, is equal in value and durability to the, Howard clock; but we find it nowhere stated, that either of them is similar to it in mechanical construction.
It is stated that a No. 4 Howard tower clock has no dif *419 ferent identity, value, or quality from any other tower clock of equal size, power, durability, and workmanship. This may be true in a general sense; and yet the clocks in mechanical construction may be dissimilar.
This statement is too indefinite to be regarded as showing dereliction of duty on the part of the commissioners, in not awarding the contract to the American Clock Company.
It is claimed that the notice as above construed excludes competition, and is therefore contrary to the intent of the statute.
Assuming this to be correct for the purposes of the present case, still it does not aid the relators. If the notice is defective, it constitutes good ground why the commissioners should make no award under the notice, but it is no ground for compelling them to make it to any of the bidders.
To entitle the relators to a mandamus, notice must have been given in conformity to the-statute, and their bid must conform to the notice. Where there is no notice, or the notice is insufficient, the remedy is not by mandamus.

Writ refused.